**[Cite as *State v. Russell*, 2026-Ohio-2482.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

BOBBY D. RUSSELL

    Appellant

C.A. No.    25CA012253

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CR109044

DECISION AND JOURNAL ENTRY

Dated: June 30, 2026

---

HENSAL, Judge.

{¶1} Bobby Russell appeals his sentence for violating community control by the Lorain County Court of Common Pleas. For the following reasons, this Court reverses.

I.

{¶2} Mr. Russell entered into a plea agreement that provided that the State would agree to recommend five years of community control. The agreement also provided, however, that any violation of community control would result in Mr. Russell serving nine years in prison without the possibility of judicial release. At sentencing, the trial court imposed five years of community control and told Mr. Russell that, if he violated any of its conditions, he would receive a prison sentence of nine to thirteen years. Eight days later, Mr. Russell failed a drug test, which violated the conditions of his community control. Although Mr. Russell's probation officer recommended that Mr. Russell be placed in a recovery court program, the court sentenced him to a total of nine to thirteen years imprisonment. Mr. Russell has appealed his sentence, assigning four errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY REVOKING COMMUNITY CONTROL BASED ON APPELLANT'S POSITIVE DRUG TEST WITHOUT COMPLYING WITH ORC 2929.13(E)(2).

{¶3} In his first assignment of error, Mr. Russell argues that the trial court did not comply with Revised Code Section 2929.13(E)(2) when it sentenced him after he violated the conditions of community control. In reviewing a felony sentence, "[t]he . . . standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1, citing R.C. 2953.08(G)(2)(a) and (b). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. The same standard applies when reviewing a prison sentence imposed for violations of felony community control sanctions. *State v. Gibson*, 2017-Ohio-691, ¶ 14 (2d Dist.).

{¶4} Section 2929.13(E)(2) provides that, "[i]f an offender who . . . pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation[,] . . . shall not order that the offender be imprisoned unless [it] determines on the record" that "[t]he offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program" or "[t]he

imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."  In this case, the trial court found that Mr. Russell violated the conditions of community control because he failed a drug test, but it did not make any other findings regarding Mr. Russell.  Instead, the court pointed to the parties' agreement and its advisements at the sentencing hearing and imposed a sentence of nine to thirteen years.  We, therefore, conclude that Mr. Russell's sentence must be vacated and this matter remanded for a new revocation hearing that complies with Section 2929.13(E)(2).  Mr. Russell's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING COMMUNITY CONTROL AND SENDING APPELLANT TO PRISON INSTEAD OF PLACING HIM IN RECOVERY COURT AS RECOMMENDED BY THE PROBATION OFFICER AND NOT OBJECTED TO BY THE PROSECUTOR.

## ASSIGNMENT OF ERROR III

ASSUMING REVOCATION WAS AN APPROPRIATE SANCTION, THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO NINE YEARS IN PRISON INSTEAD OF A LESSER TERM.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES.

{¶5}     In his second assignment of error, Mr. Russell argues that the trial court abused its discretion when it went against the recommendation of his probation officer and sentenced him to imprisonment instead of a rehabilitation program for his drug addiction.  In his third assignment of error, Mr. Russell argues that, even if prison was a more appropriate sanction than rehabilitation, the trial court abused its discretion when it imposed a sentence of nine to thirteen years.  Finally,

in his fourth assignment of error, Mr. Russell argues that the trial court incorrectly ordered his sentences to run consecutively.

**{¶6}** Considering the resolution of Mr. Russell's first assignment of error, we conclude that his remaining assignments of error are premature. We, therefore, decline to address them. *State v. Wesson*, 2026-Ohio-1141, ¶ 83 (9th Dist.).

III.

**{¶7}** Mr. Russell's first assignment of error is sustained. We decline to address his other assignments of error because they are premature. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for a new revocation hearing.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
<u>CONCURS.</u>

FLAGG LANZINGER, P. J.
<u>DISSENTING.</u>

{¶8}    I respectfully dissent because I would overrule Russell's first assignment of error. Specifically, I would hold that Russell forfeited his challenge to the trial court's imposition of a prison sentence because he did not object to that sentence below. *See State v. Rankin*, 2024-Ohio-1570, ¶ 11 (9th Dist.) (Flagg Lanzinger, J., dissenting), quoting *State v. Burton*, 2006-Ohio-391, ¶ 22 (9th Dist.) ("Failure to object to the sentencing procedure of the trial judge constitutes a forfeiture of the alleged error."); *accord State v. Boykins*, 2026-Ohio-1936, ¶ 19 (9th Dist.). As a result, Russell was limited to arguing plain error on appeal. *See Boykins* at ¶ 19-20. While Russell does argue plain error in his merit brief, I would hold that Russell failed to demonstrate reversible error under that standard for the following reasons.

{¶9}    If a defendant violates the terms of his community control by failing a drug test, R.C. 2929.13(E)(2) allows a trial court to impose a prison term if it determines "on the record" that either of the following applies:

> (a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.

(b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.

Generally, R.C. 2929.11 does not require a trial court to make specific factual findings on the record. *State v. Jones*, 2020-Ohio-6729, ¶ 20. Instead, there is a rebuttable presumption that a trial court properly considered the purposes and principles of sentencing. *See State v. Fernandez*, 2014-Ohio-3651, ¶ 13 (9th Dist.).

{¶10} Here, Russell pleaded guilty to burglary (a second-degree felony), tampering with evidence (a third-degree felony), and theft (a first-degree misdemeanor). For second-degree felonies like Russell's burglary conviction, a presumption in favor of a prison term applies. R.C. 2929.13(D)(1).

{¶11} As the majority explains, Russell reached a plea agreement with the State. As part of that plea agreement, Russell agreed the trial court could impose a prison sentence if he violated the terms of his community control. Russell violated the terms of his community control by failing a drug test, and the trial court imposed a prison sentence. In doing so, the trial court noted that its sentence was "[b]ased on the agreement of the parties at the time of the plea, as well as advisements at sentencing . . . ."

{¶12} I would hold that Russell has failed to establish that the trial court committed plain error when it sentenced him to a prison term. To the contrary, the record supports the trial court's imposition of a prison term, and R.C. 2929.13(E)(2) did not limit the trial court's discretion to impose a prison term after Russell violated the terms of his community control. *See* R.C. 2929.13(D)(1) (providing a presumption in favor of prison for second-degree felonies). Accordingly, I would overrule Russell's first assignment of error and would address his remaining assignments of error. For these reasons, I respectfully dissent.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

ANTHONY CILLO, Prosecuting Attorney, and SPENCER J. LUCKWITZ, Assistant Prosecuting Attorney, for Appellee.